## Gunn *vs.* Gudehus.

### APPEAL FROM JEFFERSON CIRCUIT.

ORD. PET.

Case 47.

1. If one defendant be substituted for another under the 44th section of the Revised Statutes, and security for cost be not given at the time of the substitution, it will be considered that it was waived, and not afterwards required, unless there has been some surprise.
2. When an officer levies an execution and takes the bond of indemnity prescribed by the 709th section of the Code of Practice, with good security, and files the same in the clerk's office, and suit be brought against the officer, and plaintiff in the execution be substituted, the effect of such bond in favor of the substituted defendant is the same as it would have been to the officer.
3. To sustain the defense in such case the sufficiency of the surety in the bond when taken devolves on the defendant.
4. By the Revised Statutes, title, Execution, page 325, article 14, sec. 1, the same property is exempt from execution which is exempt from distribution, (see *title Descents and Distribution, sec.* 11 *and* 5, *page* 281,) and by these statutes the horse of a practicing physician, who is a house-keeper without a family, is not exempted from execution.

The opinion of the court contains a statement of the facts of the case.

*Spear & Armstrong*, for appellant—

Gudehus having an execution against Gunn, placed it in the hands of Brown, a constable, for levy and collection. Brown levied upon Gunn's only horse. Gunn sued Brown, and Gudehus came into court and was substituted, on his motion, for Brown as defendant, which was objected to by Gunn's counsel. Gudehus pleads and relies, 1. Upon the execution in the hands of the constable, and the liability of the horse to satisfy it. 2. That the constable had

taken a bond with surety, &c., for indemnity, and returned the same to the clerk's office, which he files with his answer.

To this answer there was a demurrer, which was overruled by the court. And a trial was had. Upon the trial the plaintiff, Gunn, proved that he was a house-keeper and a practicing physician, and asked the court to instruct the jury to the effect, that if they believed from the evidence that the plaintiff was a house-keeper and a practicing physician, and that the horse levied on by Brown, the constable, was his only horse, they should find for plaintiff, which the court refused to give. A verdict was found for the defendant. Plaintiff moved for a new trial, which being overruled, he has brought the case to this court for revision.

We insist that the court erred, 1. In permitting Gudehus to be made a defendant.

2. In overruling the demurrer to the answer.

3. In refusing to give the instruction asked for by the plaintiff below.

4. In refusing a new trial.

By the Revised Statutes, pages 325 and 281, one "work beast" is exempted from distribution, and from sale under execution when the owner is a house-keeper. We do not suppose any distinction can be taken between a horse used for the plough to raise bread for a family and use by the house-keeper as a physician to make a support for his family by his practice. The statute makes no such discrimination. It uses the term "work beast," and not requiring that it should be owned by a farmer, but extends the exemption to house-keepers. We pray a reversal of the judgment.

*W. S. Bodley,* for appellee—

1. Gudehus was properly admitted a defendant; by the 44th section of the Code he should have been substituted in the place of Brown. But that Brown's name remained as a defendant is only a formal ob-

jection, and under the 161st section of the Code cannot be error.

2. The second plea of Gudehus was good, and presented a valid defense to the action. (See *Code of Practice*, sec. 711.) The matter of that plea is made a good bar to the action against the officer, and is valid for Gudehus. (See 709 *Code Prac.*)

3. The court did not err in refusing to instruct the jury that the horse taken by the constable was exempt from execution. The object of the Legislature in exempting work beasts was to protect poor agriculturalists, just as mechanics were protected in their tools of trade.

The professional man's books, instruments, and horses were not equally regarded. Pleasure horses and carriages were not within the spirit of the exemption laws.

However this may be in the opinion of the court, the case should be affirmed on the second plea.

Chief Justice MARSHALL delivered the opinion of the Court—

The 44th section of the Code provides for substituting the plaintiff in an execution, as defendant in place of the officer who levies it, when an action is brought against the officer for the property taken in execution. And although it does not appear that when the order for such substitution was made in this case, security for costs was given as required by the section referred to, yet as there was no objection to the order of substitution when made, and as, when the objection was made, if made at all before the trial, there was no intimation of surprise and no reference to the want of security for costs, there is no ground upon which this court can decide that the objection should have prevailed when it was made. It is one manifest object of the Code to facilitate and expedite the progress of all actions, by requiring objections not going to the substance of the action to be made when the occasion for them arises, and to

*Gunn vs. Gudehus.*

January 12.

1. If one defendant be substituted for another under the 44th section of the Revised Statutes, and security for cost be not given at the time of the substitution, it will be considered that it was waived, and not afterwards required, unless there has been some surprise.

consider all such objections as waived when not moved in convenient season.

The 709th section of the Code provides that when the officer levying an execution doubts whether the property seized is subject to the levy, he may take from the plaintiff a bond with sufficient surety, to indemnify the officer, and to pay to any claimant the damages he may sustain from the seizure and sale, and to warrant to any purchaser such interest in the property seized, as may be sold under the levy, which bond is directed to be returned to the Circuit Court, and by section 711 the claimant or purchaser of any property, for the seizure and sale of which such bond of indemnity has been taken and returned as required, shall be barred of any action against the officer levying, &c., if the surety in the bond was good when taken; but the claimant or purchaser may maintain an action for damages on the bond.

The answer of the new defendant, who was plaintiff in the execution, not only avers that the horse for the seizure of which the action was brought against the officer was subject to the execution, but also avers the taking of the bond of indemnity as authorized by the section referred to, with surety approved by the officer and good at the time, and also the return of the bond to the Circuit Court, to which as filed among the papers of this case, reference is made as a part of the answer.

As the defendant in the execution was the plaintiff in this action for the seizure of the horse, the averment that the horse was subject to the execution, could only mean that the horse was the property of the plaintiff, (which is in effect claimed in the petition,) and that as such he was liable to the execution. And as it did not devolve upon the defendant in his answer to negative any particular facts which might be relied on by the plaintiff to show that the horse, although his property, was not subject to seizure and sale under an execution against him, this branch of the answer might perhaps be regarded as

2. When an officer levies an execution and takes the bond of indemnity prescribed by the 709th section of the Code of Practice, with good security, and files the same in the clerk's office, and suit be brought against the officer, and plaintiff in the

presenting *prima facie* a sufficient bar to the action, although the general allegation of being subject to the execution, is not commonly sufficient. But as in case a proper bond be taken by the officer the action against him is barred, and the bond must be resorted to by the claimant of the property; and as the plaintiff in the execution may be made the sole defendant in the action commenced against the officer, we are of opinion that the bond must have the same operation in favor of the new defendant as it would have had in favor of the officer; and that as it was a bar to the action in its original form, it is equally a bar to it in the form afterwards given to it by the substitution of a new defendant in the room of the original one. So that the second defense at least is good and sufficiently set forth, and the demurrer being to the whole answer, was properly overruled, and even the first defense is sufficient in substance.

It follows from what has been said that if either of the defenses set up in the answer was sustained by the evidence, and if there was no error of law in the trial of the particular issue, the verdict and judgment for the defendant must stand.

The execution under which the seizure was made and the return thereon are not such writings as, under the 155th section of the Code, are required to be filed with the pleading in such an action as this. The answer, however, identifies the execution by precise description, and the execution and return were properly admitted as evidence in both issues ; as was also the bond on the second issue, being particularly referred to in stating the second ground of defense. But under this last issue the defendant failed to prove the material fact, which was absolutely essential to this defense, that the surety in the bond was good at the time it was taken. And as this is the express condition on which the bond is to operate as a bar to the action, the failure to prove the fact referred to was fatal to this branch of the defense. And the

execution be substituted, the effect of such bond in favor of the substituted defendant is the same as it would have been to the officer.

3. To sustain the defense in such case the sufficiency of the surety in the bond when taken devolves on the defendant.

verdict cannot be sustained so far as it relates to this second issue.

Under the first issue, the question was not whether the horse belonged to the present plaintiff, who was defendant in the execution, for on this point there was no contest. But the plaintiff bases his right of recovery on the ground that the horse was exempt from levy and sale because he was his only horse, and used by him as a riding and buggy horse in the practice of his profession as a physician in the city of Louisville, where he was a house-keeper. And these facts having been proved, the question whether in point of law the horse was or was not exempt as claimed by the plaintiff, was decided against him and in favor of the defendant, in giving instructions asked for by the latter, and refusing those asked for by the former.

. By the Revised Statutes, under which this case arose, the same personal property is exempt from execution which is exempt from distribution. (*Title Execution, art.* 14, *sec.* 1, *p.* 325.) And the 11th section and 5th sub-section of the act under the title *Descent and Distribution, page* 281, exempts from distribution, in favor of the widow and infant children of the intestate residing with her, if any, "one work beast, or yoke of oxen, one plough and gear," and a variety of other articles, some of them belonging to farming or agriculture, and others pertaining to house-keeping, and to the comfort of a family, whether in town or country. The Circuit Court was of opinion that the only horse of a physician, used by him as a riding and a buggy horse in his practice as a physician is not included within the objects of the exemption, and is subject to execution. We are not prepared to concur in this construction, which would confine the exemption to horses and perhaps other articles used for agricultural purposes, and perhaps to the case of persons engaged in agriculture. The previous statutes on the same subject have not been so understood. Some of them show expressly that

4. By the Revised Statutes, title, Execution, page 325, article 14, section 1, the same property is exempt from execution which is exempt from distribution, (see *title Descents and Distribution, sec.* 11 *and* 5, *page* 281,) and by these statutes the horse of a practicing physician, who is a house-keeper without a family, is not exempted from execution.

they are applicable to mechanics. And we are inclined to the opinion that the restricted construction contended for is inconsistent with the intention of the Revised Statutes.

But the object of the exemption both from execution and from distribution, was evidently in behalf of the family of the debtor or the decedent, and to save the enumerated articles for the benefit of the family by placing them beyond the reach of creditors. And in this view of the objects of the exemption, we think that the fact of their being a family required in the previous statutes as essential to the exemption from execution, must also be deemed essential under the Revised Statute, by its reference to the exemption from distribution, although the Revised Statute does not expressly require that the debtor claiming the exemption shall be a house-keeper with a family; and as the plaintiff in this case, although a house-keeper, has not proved that he has or had a family, he has failed to make out the exemption of this horse. And as it is no more probable that this fact, which would have defeated the first ground of defense, could have been proved if deemed necessary, or that it was proved and inadvertently omitted from the bill of exceptions, than that the sufficiency of the surety in the bond which would have sustained the second defense could have been or was thus proved, we take the record as it stands in reference to each of these facts. And as the jury was bound on the evidence to find the horse subject to the execution, the error in the instruction on that subject does not vitiate the verdict.

Wherefore, the judgment is affirmed.